IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. 05-32-1 |
| v. | : | |
| | : | CIVIL ACTION NO. 19-4150 |
| ANGEL MEJIA | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                                  **October 21, 2022**

Defendant Angel Mejia has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 asking the Court to vacate his convictions for violations of 18 U.S.C. § 924(c) (Counts 7 and 8 of the superseding indictment) and re-sentence him.[1]  The Government agrees that Mejia's sentence is properly vacated as to Count 7 of the superseding indictment but disputes Mejia's claim to relief on Count 8.  The Court finds vacatur on Mejia's judgment and sentence on Count 7 alone is warranted, and his motion is therefore granted in part.

**CASE HISTORY**[2]

On October 8, 2004, Mejia, together with two co-defendants, Alexis Villegas and Jose Santiago, broke into the West Chester, Pennsylvania apartment of Carlos Correa, the son of successful area restauranteurs, and kidnapped him at gunpoint.  Correa was driven to Santiago's

---

[1] Mejia filed a counseled protective § 2255 motion, which was later re-filed after the Third Circuit granted his application for leave to file a successive motion.  Mejia thereafter filed a pro se motion to amend his counseled § 2255 motion on the basis of the Supreme Court's intervening decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  The Court shall consider the counseled motion to be so amended and shall address the arguments advanced in both filings in this Memorandum.

[2] The facts are taken from the superseding indictment and the recitation of facts in the Government's Response to Mejia's Motion for Relief under § 2255, ECF Nos. 51 and 363.

1

home in southern Chester County where he was tied up, blindfolded, and forced into a locked shed. Although Correa managed to briefly escape from the shed and make his way to a nearby property, he was quickly recaptured by Villegas and Santiago and returned at gunpoint to the shed, where he was kept bound and blindfolded for much of the time. Over the next several days, Mejia, Villegas and Santiago, using Correa's cell phone, made numerous calls to his parents, demanding a payment of $1 million for his release. Correa's parents, who had contacted police, eventually agreed to a ransom exchange to take place on the evening of October 10, 2004 at an area bridge.

On the night of October 10, the three co-conspirators tied Correa's hands and feet and again used a gun to force him into Mejia's car. Mejia, who was armed, drove Correa to the designated location, followed by Santiago and Villegas in Santiago's car. Upon nearing the area for the exchange, Villegas left Santiago's car and entered Mejia's vehicle, and Santiago drove off to conduct surveillance. As they approached the bridge, Villegas exited Mejia's car and hid nearby. Correa's father was waiting in a car on the other side of the bridge with two law enforcement officers. Mejia untied Correa and directed him to sit on the guardrail, then called to his father with instructions to drive forward with the money. As Correa's father drove forward, Mejia fired his gun in the general direction of Correa. The FBI SWAT team responded, and Mejia drove off, firing at the SWAT team members. Following a brief car chase, Mejia was apprehended, and his weapon and cell phone were seized.

On April 28, 2005, Mejia, Santiago, and Villegas were charged in a superseding indictment with multiple crimes stemming from Correa's kidnapping. Mejia was charged with conspiracy to commit hostage taking, and hostage taking, in violation of 18 U.S.C. § 1203(a) (Counts 1 and 2); assaulting, resisting and impeding federal agents in violation of 18 U.S.C. § 111 (Counts 3 and 4); attempted murder of a federal employee in violation of 18 U.S.C. § 1114 (Counts 5 and 6); using

2

and carrying a firearm in the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts 7 and 8); and being an alien in possession of a firearm, a violation of 18 U.S.C. § 922(g)(5)(A) (Count 9).

On June 20, 2005, Mejia pled guilty to all of the charged offenses pursuant to a plea agreement with the Government. Shortly before his sentencing, however, Mejia moved to withdraw his plea. Following a hearing on October 3, 2005, the Court denied the motion. Mem. and Order of Oct. 6, 2005, ECF No. 80. On October 28, 2005, Mejia was sentenced to concurrent terms of 262 months' imprisonment on Counts 1 and 2; 120 months' imprisonment on Counts 3, 4, 5, 6, and 9, to run concurrently to the terms imposed on Counts 1 and 2; 84 months on Count 7, to run consecutively to the sentences imposed on the preceding counts; and 300 months on Count 8, to run consecutively to the sentence imposed on Count 7, all to be followed by 5 years of supervised release, the payment of a $3,000 fine and a $900 special assessment. Judgment, ECF No. 87. Mejia appealed the denial of his motion to withdraw his guilty plea to the Third Circuit, which affirmed the denial of Mejia's request to withdraw his plea, but remanded the case for re-sentencing based on the Government's concession that it had misrepresented to the defendant and the court that the applicable mandatory minimum sentence on Count 8 was 10 years when it was actually 25 years. To rectify this error and offset the higher mandatory minimum to which Mejia was subject on Count 8, the Government agreed to recommend a lower sentence on other portions of Mejia's sentence on resentencing. *United States v. Mejia,* 222 F. App'x 136, 140-141 (3d Cir. 2007). Notwithstanding the Government's recommendation, on August 20, 2007, the Court reimposed the 646-month sentence it had previously imposed on Mejia. The sentence was upheld by the Third Circuit. *United States v. Mejia*, 325 F. App'x 146, 148 (3d Cir. 2009).

**DISCUSSION**

As noted, Mejia moves to vacate his convictions and sentences for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts 7 and 8 of the superseding indictment). He argues his convictions should be vacated on the basis of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), finding the residual clauses in the definition of a violent felony under § 924(e)(2)(B)(ii), and in the definition of a crime of violence under § 924(c)(3)(B) to be unconstitutionally vague. The Government agrees Mejia's conviction and sentence on Count 7 should be vacated, as hostage taking in violation of 18 U.S.C. § 1203, the predicate offense for that Count, no longer qualifies as a crime of violence under the foregoing authorities. However, the Government asserts Mejia's conviction on Count 8 should be left undisturbed.[3]

Section 924(c) dictates that "any person who, during and in relation to any crime of violence" … uses or carries a firearm, or who in furtherance of any such crime, … possesses a firearm, shall, in addition to the punishment provided for such crime of violence" be sentenced to a mandatory minimum term of imprisonment. 18 U.S.C. § 924(c)(1)(A). The mandatory minimum is 5 years, but if the firearm is "brandished" or "discharged," the applicable mandatory minimum increases to 7 or 10 years. *Id.* § 924(c)(1)(A)(i) - (iii). However, "[i]n the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall … be sentenced to a term of imprisonment of not less than 25 years."

---

[3] The predicate offenses for Count 8 are assault on a federal employee and attempted murder of a federal employee, violations of 18 U.S.C. §§ 111 and 1114.

§924(c)(1(C)(i).[4]  Finally, under § 924(c)(1)(D)(ii), any term of imprisonment imposed under this subsection is to run consecutively "with any other term of imprisonment imposed on the person."

For purposes of the statute, the term "crime of violence" means:

"… an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Insofar as the residual clause of this definition, § 924(c)(3)(B), has been invalidated by *Davis*, the question becomes whether the predicate offense for a defendant's § 924(c) conviction qualifies as a crime of violence under the "elements" clause of § 924(c)(3)(A).  In answering this question and assessing whether a federal felony may serve as a § 924(c) predicate, it is now well-established that the "categorical approach" is to be employed.  *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022); *Johnson,* 576 U.S. at 596 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)).  Here, because the Government agrees that the § 924(c) conviction based on hostage taking must be vacated in light of *Davis*,[5] the Court need only now determine whether the offenses of assault and attempted murder of a federal employee, the predicate offenses for the § 924(c)

---

[4]  At the time of the commission of the offenses in this case, however, § 924(c)(1)(A)(i) provided that "[i]n the case of a second or subsequent conviction under this subsection, the person shall - be sentenced to a term of imprisonment of not less than 25 years."

[5]  The Government concedes that in application of the categorical analysis, the offense of hostage taking fails to meet the statutory definition of a "crime of violence" under the elements clause of § 924(c)(3)(A).

5

conviction in Count 8, have as an element the use, attempted use, or threatened use of physical force against the person or property of another. [6]

Mejia pled guilty to all of the counts in the superseding indictment, including Counts 3 and 4, and Counts 5 and 6, charging him with resisting and impeding a federal employee by use of a dangerous weapon in violation of 18 U.S.C. § 111, and Counts 5 and 6 charging him with attempted murder of a federal employee in violation of 18 U.S.C. § 1114. These charges were the predicate offenses for his § 924(c) charges in Count 8. Guilty Plea Agreement, ECF No. 61, at 1, 3. Specifically, Counts 3 and 4 charged that:

> On or about October 10, 2004, in West Chester, in the Eastern District of Pennsylvania, [Mejia]
>
> by use of a dangerous weapon, forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with [Supervisory Special Agent Michael Carbonell and Assistant Special Agent in Charge Ronald Hosko] of the Federal Bureau of Investigation, while [they were] engaged in and on account of the performance of [their] official duties, that is, by firing a .38 caliber Amadeo Rossi handgun, serial number AA306060 at [both individuals].

Superseding Indictment 6-7, ECF No. 51. Counts 5 and 6 charged that, on the same date, Mejia:

> willfully and unlawfully attempted to kill, with malice aforethought, [Supervisory Special Agent Michael Carbonell and Assistant Special Agent in Charge Ronald Hosko] of the Federal Bureau of Investigation, while [they were] engaged in the performance of [their] official duties, by shooting at [them] with a .38 caliber Amadeo Rossi handgun, serial number AA306060, which had the tendency to produce death.

*Id.* at 8-9.

---

[6] In its Response to Mejia's § 2255 Motion, the Government does not address whether assault of a federal employee under Section 111 constitutes a crime of violence, instead apparently preferring to stand on its assertion that attempted murder under Section 1114 fulfills this requirement under Section 924(c)(1). However, because the Court finds that both of the charged predicate crimes support Mejia's conviction on Count 8, both shall be discussed.

Under the categorical approach, to determine whether a given offense is a crime of violence under the elements clause, the Court is "required to compare the elements of the statute under which the defendant was convicted to the § 924(c) definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (quoting *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). "Courts may 'look only to the statutory definitions' – *i.e.*, the elements – of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.*

However, "when a statute underlying a prior conviction lists 'multiple alternative elements,' rather than a 'single, indivisible set of elements,'" -- *i.e.,* is a "divisible statute," proscribing multiple crimes, -- the "modified categorical approach" may be used. *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). The modified approach is not an exception to the categorical approach but is instead a tool which "merely helps implement" that approach by providing a mechanism for comparing the crime of conviction to the generic offense. *Descamps,* 570 U.S. at 263-264. In this way, it "permits a court to determine which statutory phrase was the basis for the conviction." *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)). "Once a sentencing court determines the modified categorical approach applies, the court may look beyond the face of the statute to the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine which of the alternative elements was involved in the defendant's conviction.'" *Abbott*, 748 F.3d at 157-158 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Section 111 reads in relevant part as follows:

7

**(a) In general.** Whoever –

**(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [18 U.S.C. § 1114] while engaged in or on account of the performance of official duties …

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned for not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more 8 years, or both.

**(b) Enhanced penalty.** Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

In *United States v. Bullock,* 970 F.3d 210 (3d Cir. 2020), the Third Circuit had occasion to determine whether 18 U.S.C. § 111 is categorically a crime of violence for purposes of U.S.S.G. § 4B1.1.[7] The Court of Appeals applied the modified categorical approach because § 111 provides for different punishments under subsections (a) and (b) such that subsection (b) is a different offense from subsection (a). The Court found a subsection (b) offense to be a crime of violence

---

[7] U.S.S.G. § 4B1.1 provides for sentencing enhancements for those defendants who are "career offenders," and provides that a defendant qualifies as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). The term "crime of violence" is defined in § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

under the elements clause of U.S.S.G. § 4B1.2(a)(1). In joining the numerous other circuit courts[8] that have held a § 111(b) offense is categorically a crime of violence, the Third Circuit adopted the Tenth Circuit's conclusion in *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017), and found "a conviction under § 111(b) necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another." *Bullock*, 970 F.3d at 215 (quoting *Kendall*, 876 F.3d at 1270).

In this case, Mejia unquestionably pled guilty to *both* subsections of § 111 in Counts 3 and 4 of the superseding indictment because in so pleading, he admitted to committing the offenses "by use of a dangerous weapon," and agreed that he was facing the statutory maximum and mandatory minimum sentences established thereunder, including the enhanced penalty under § 111(b). Superseding Indictment 6-7, ECF No. 51; Guilty Plea Agreement ¶¶ 1, 4, ECF 61. Inasmuch as the definition of "crime of violence" in the elements clause of § 924(c)(3)(A) nearly mirrors the elements clause of the definition in U.S.S.G. § 4B1.2(a)(1), the Court finds the Third Circuit's rationale and holding in *Bullock* is properly applied here. In pleading guilty to Counts 3 and 4, Mejia pled guilty to a crime of violence within the meaning of the elements clause of § 924(c)(1) and there is no reason to vacate his conviction on Count 8.

The Court reaches the same conclusion with regard to the predicate offenses of attempted murder of two federal officers (both FBI special agents) in violation of § 1114 charged in Counts 5 and 6 of the indictment.

Section 1114 reads as follows in pertinent part:

---

[8] Among the other Circuits to so hold are the First, *United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017), the Second, *Gray v. United States*, 980 F.3d 264 (2d Cir. 2020), the Fifth, *United States v. Hernandez-Hernandez,* 817 F.3d 207 (5th Cir. 2016), the Sixth, *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016), the Tenth, *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017), and the Eleventh, *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020).

> **(a) In general.** Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished -
>
> **(1)** in the case of murder, as provided under section 1111 [18 U.S.C. § 1111];
>
> **(2)** in the case of manslaughter, as provided under section 1112 [18 U.S.C. § 1112];
>
> **(3)** in the case of attempted murder or manslaughter, as provided in section 1113 [18 U.S.C. § 1113].

18 U.S.C. § 1114. Of course, "to be guilty of an attempted killing under 18 U.S.C. § 1114," Mejia "must have taken a substantial step towards that crime and must also have had the requisite *mens rea*." *Braxton v. United States*, 500 U.S. 344, 349 (1991). By pleading guilty, Mejia has admitted to having both the necessary guilty mind and to having taken a substantial step toward killing the agents.

Furthermore, although the Third Circuit has yet to weigh in on the issue of whether attempted murder constitutes a "crime of violence" in the aftermath of *Taylor*,[9] this Court believes that it does. Following *Davis*, "a predicate offense qualifies as a crime of violence only if use of physical force is an element of the offense." *United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021); *Moz-Aguilar v. United States*, No. 21-9633, 2022 U.S. Dist. LEXIS 3433 at *7 (D.N.J. Jan. 7, 2022). "Physical force" has been defined by the Supreme Court as meaning: "simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force." *United States v. Castleman*, 572 U.S. 157, 170 (2014) (quoting *Johnson*, 559 U.S. at 138). "To kill necessarily requires that one utilize 'force capable of causing physical pain or injury to another

---

[9] In *Taylor*, the Supreme Court held the offense of attempted Hobbs Act robbery did not qualify as a crime of violence under § 924(c)(3)(A). 142 S. Ct. at 2021.

person' as required by *Johnson*, rendering murder a crime of violence under § 924(c)." *United States v. Smith*, 2022 U.S. Dist. LEXIS 31411 at *3 (E.D. Pa. Feb. 23, 2022); *see also Borden v. United States*, 141 S. Ct. 1817, 1830 (2021). "Quintessential violent crimes," like "murder, assault, battery, rape, etc. involve the intentional use of force." *Oyebanji v. Gonzales*, 418 F.3d 260, 264 (3d Cir. 2005)). *See also Feliz v. United States*, 2022 U.S. Dist. LEXIS 177886 at *15 (S.D.N.Y. Sept. 29, 2022) ("It is not possible to commit murder by threat because murder always requires use of force.").[10] "Where a crime of violence requires the use of physical force, the corresponding attempt to commit that crime necessarily involves the attempted use of force." *Id.* (citing *United States v. Taylor,* 979 F.3d 203, 209 (4th Cir. 2020, *aff'd,* 142 S. Ct. 2015 (2022). This Court finds the reasoning of the foregoing authorities persuasive. Thus, the offense of attempted murder under § 1114 is categorically a crime of violence under § 924(c)(3)(A). In pleading guilty to Counts 5 and 6, Mejia also admitted he used or employed physical force by discharging a firearm at the agents, and he was therefore properly convicted of the predicate offense of attempted murder of two federal employees. Mejia's motion to vacate his conviction on Count 8 is denied.

For the foregoing reasons, Mejia's conviction and sentence on Count 7 is vacated while his conviction on Count 8 is not. A new sentencing hearing is warranted as is the preparation of an updated Pre-Sentence Investigation Report. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

Juan R. Sánchez,   C.J.

---

[10] Murder is defined in 18 U.S.C. §1111(a) as "the unlawful killing of a human being with malice aforethought."